# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | | |
|---|---|---|
| **U.S. Equal Employment Opportunity Commission,** <br> George H. Fallon Federal Building <br> 31 Hopkins Plaza, Suite 1432 <br> Baltimore, MD 21201, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Civil Action No.** <br> **1:19-cv-02693-JKB** |
| **Plaintiff,** | ) <br> ) | **FIRST AMENDED <u>COMPLAINT</u>** |
| **v.** | ) <br> ) | **JURY TRIAL DEMAND** |
| **CACI Secured Transformations, LLC,** <br> 7 St. Paul Street, Suite 820 <br> Baltimore, MD 21202, <br> and | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| **CACI International Inc,** <br> 1100 North Glebe Road <br> Arlington, VA 22201, <br> and | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| **CACI, Inc. - Federal,** <br> 1100 North Glebe Road <br> Arlington, VA 22201, | ) <br> ) <br> ) <br> ) | |
| **Defendants.** | ) <br> ) | |
| **CACI Secured Transformations, LLC,** <br> 7 St. Paul Street, Suite 820 <br> Baltimore, MD 21202 | ) <br> ) <br> ) <br> ) | |
| **Third-Party Plaintiff,** | ) <br> ) | |
| **v.** | ) <br> ) <br> ) | |
| **Que Technology Group, Inc.,** <br> 5520 Research Park Drive, Suite 100 <br> Baltimore, MD 21228 | ) <br> ) <br> ) <br> ) | |
| **Third-Party Defendant.** | ) <br> ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Mary Dyer ("Charging Party" or "Dyer"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that CACI International Inc, and its wholly owned subsidiaries, CACI, Inc. - Federal and CACI Secured Transformations, LLC, unlawfully discriminated against Dyer by denying her a reasonable accommodation and discharging her because of her disability (post-traumatic headache/occipital neuralgia/aneurysm) in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title

I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §
12117(a), which incorporates by reference Section 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-
5(f)(l) and (3).

4.      At all relevant times, Defendant CACI International Inc is a federal government
contractor and has continuously been an employer engaged in an industry affecting commerce within the
meaning of Subsections 101(5) and (7) of the ADA, 42 U.S.C. § 12111(5) and (7), which incorporate by
reference, Subsections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

5.      At all relevant times, Defendant CACI, Inc. - Federal is a federal government contractor,
has continuously been an employer engaged in an industry affecting commerce within the meaning of
Subsections 101(5) and (7) of the ADA, 42 U.S.C. § 12111(5) and (7), which incorporate by reference,
Subsections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h), and is a wholly owned
subsidiary of Defendant CACI International Inc.

6.      At all relevant times, Defendant CACI Secured Transformations, LLC is a federal
government contractor and has continuously been a Florida limited liability company with at least
fifteen employees doing business in the State of Maryland, and is a wholly owned subsidiary of
Defendants CACI International Inc and CACI Inc. – Federal.

7.      More than 30 days prior to the institution of this lawsuit, Dyer filed a charge with the
Commission alleging violations of the ADA by Defendants.

8.      At all relevant times, Defendants CACI International Inc, CACI, Inc. – Federal, and
CACI Secured Transformations, LLC have held themselves out as one entity operating in an integrated
manner and responding substantively as a single entity to Dyer's charge of discrimination.

9.      At all relevant times, because Defendants CACI International Inc, CACI, Inc. – Federal,
and CACI Secured Transformations, LLC, operated in conjunction with one another as an integrated

3

enterprise/single "employer" within the meaning of Title VII, Defendants CACI, Inc. – Federal and CACI Secured Transformations, LLC had notice of the charge filed by Dyer and all subsequent developments in the administrative process.

10.     On May 9, 2019, the Commission issued to Defendant CACI International Inc a Letter of Determination finding reasonable cause to believe that Defendants violated the ADA and inviting them to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11.     The Commission engaged in communications with Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12.     The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13.     On June 6, 2019, the Commission issued a Notice of Failure of Conciliation to Defendants.

14.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

Factual Background

15.     Defendants provide information technology services to the United States defense and intelligence community.

16.     For a contract(s) referred to as "Middleware III" between Defendants and the United States National Security Agency, Defendants entered into a contract with Que Technology to serve as their systems administrator.

17.     Defendants hired, supervised, monitored work hours, determined work locations, determined job responsibilities, assessed performance, considered reasonable accommodation requests,

4

and exercised other employer functions of individuals working directly for Que Technology on the Middleware III contract(s).

18.     In early 2018, Defendants' System Engineer interviewed and hired Dyer to work as a systems administrator with Que Technology on Defendants' "Middleware III" contract. Defendants assigned Dyer to work at Defendants' site known as "NBP" in Annapolis Junction, Maryland.

19.     Defendants controlled Dyer's employment relationship with Que Technology.

20.     Defendants assigned Dyer and at least two other systems administrators to process government customer support tickets in an online queue and to provide in-person assistance.

21.     Dyer was a leading performer as a systems administrator and enjoyed favorable feedback from her customers, and at all times was qualified to perform the essential functions of her position.

22.     As a result of a head injury sustained in a vehicle collision in May 2018, Dyer suffered post-traumatic headache and occipital neuralgia. She was also diagnosed with a cerebral aneurysm. All these conditions substantially interfered with major life activities including the proper functioning of her neurological and brain functions.

23.     Dyer was on a medical leave of absence from the time of her accident to the second week of August, 2018, when she resumed work. Upon her return to work, she continued to perform well.

24.     One month after Dyer returned to work, Defendants advised Que Technology that Dyer would be reassigned to a location known as "OPS 2A" in Fort Meade, Maryland.

25.     Dyer thereupon relocated to OPS 2A, which, unlike her work site at NBP, involved a cramped and noisy open plan environment. Moreover, her commute to the new site added 30 minutes if she timely caught a shuttle and if not, would prolong her commute substantially.

26.     The longer and more stressful commute for Dyer to a noisier and more crowded work environment exacerbated her head injury, resulting in more frequent and severe headaches.

27.    To avoid the extreme pain associated with her aggravated headaches, around September 24, 2018, Dyer furnished a request to Defendants and also to Que Technology, through a note from her neurologist, asking, in relevant part, to continue her position at her previous worksite at NBP.

28.    At the time of Dyer's request to return to Defendants' previous worksite, at least two system administrators remained at that previous worksite.

29.    Almost immediately after submitting this request for reasonable accommodation to Defendants, Dyer learned that Defendants would not accommodate her.

30.    Dyer continued commuting to the new work site but struggled with aggravated symptoms of her disability.

31.    On the morning of October 3, 2018, Dyer stepped away from her desk upon learning that she had developed an aneurysm. When she returned to her desk, she shared this diagnosis with her supervisor from Que Technology.

32.    That same day, Defendants' System Engineer advised the supervisor from Que Technology to terminate Dyer. Que Technology's supervisor explained to Dyer that if "CACI" terminates her, Que Technology has to terminate her. Accordingly, Defendants terminated her on October 3, 2018.

Count I

Failure to Accommodate

33.    Since at least September 2018, Defendants have engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(b)(5)(A), by failing to provide Dyer a reasonable accommodation for her disability.

34.     EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-32.

## Count II

### Discriminatory Discharge

35.     Since at least October 3, 2018, Defendants have engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §12112(a) by discharging Dyer because of her disability.

36.     EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-32.

## Count III

### Third Party Interference

37.     Since at least October 3, 2018, Defendants have engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C.§12112(b)(2), by participating in an arrangement with Que Technology which required it, pursuant to Defendants' demand, to terminate Dyer's employment based on her disability.

38.     EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-32.

39.     The effect of the practices complained of above in paragraphs 1-38 has been to deprive Dyer of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

40.     The unlawful employment practices complained of above in paragraphs 1-38 were intentional.

41.     The unlawful employment practices complained of above in paragraphs 1-38 were done with malice or with reckless indifference to Dyer's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

 A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of disability;

B.     Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of their past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C.     Order Defendants to sign and conspicuously post, for a designated period of time, a notice to employees which sets forth the remedial action required by the Court and inform all employees that they will not implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment, and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and that they will not discriminate against any employee based on disability, including that they will comply with all aspects of the ADA;

 D.     Order Defendants to make whole Dyer whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to

8

eradicate the effects of their unlawful employment practices, including but not limited to reinstatement, front pay in lieu of reinstatement, and positive employment references;

     E.      Order Defendants to make whole Dyer by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

     F.      Order Defendants to make whole Dyer by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

     G.      Order Defendants to pay Dyer punitive damages for their callous indifference to her federally protected right to be free from discrimination;

     H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

     I.      Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____/s/_____
DEBRA M. LAWRENCE
Regional Attorney

9

_____/s/_____
HEATHER E. NODLER
Trial Attorney
Federal Bar No. 811561

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525