**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>      Plaintiff,<br><br>v.<br><br>**CACI SECURED TRANSFORMATIONS, LLC *et al*.,**<br><br>      Defendants. | **CASE 1:19-cv-02693-JKB** |

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, CACI Secured Transformations, LLC, CACI International Inc and CACI, Inc. - Federal ("Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's First Amended Complaint as follows:

Defendants generally deny liability on all claims and all counts.  Each paragraph below responds to the numbered and unnumbered paragraphs in Plaintiff's First Amended Complaint.  Any allegation not explicitly admitted below is hereby denied.

**JURISDICTION AND VENUE**

1.      The allegations of Paragraph 1 of the First Amended Complaint set forth arguments of law and/or legal conclusions to which no answer is required.

2.      The allegations of Paragraph 2 of the First Amended Complaint set forth arguments of law and/or legal conclusions to which no answer is required.

## PARTIES

3. Defendants admit the allegations of Paragraph 3 of the First Amended Complaint.

4. Defendants deny the allegations of Paragraph 4 of the First Amended Complaint.

5. Defendants admit the allegations of Paragraph 5 of the First Amended Complaint.

6. Defendants state that Defendant CACI Secured Transformations, LLC is a federal government contractor, is a wholly owned subsidiary of CACI Inc. – Federal, and has continuously been a Florida limited liability company doing business in the State of Maryland. Defendants deny the remaining allegations of Paragraph 6 of the First Amended Complaint.

7. Defendants admit that more than 30 days prior to the institution of this lawsuit, Dyer filed a charge with the Commission alleging violations of the ADA by CACI International, Inc.  Defendants deny the remaining allegations of Paragraph 7 of the First Amended Complaint.

8. Defendants deny the allegations of Paragraph 8 of the First Amended Complaint.

9. The allegations of Paragraph 9 of the First Amended Complaint set forth arguments of law and/or legal conclusions to which no answer is required.

10. Defendants admit that the Commission issued a Letter of Determination to Defendant CACI International Inc finding reasonable cause and inviting Defendant CACI International Inc to conciliation.  Defendants deny the remaining allegations of Paragraph 10 of the First Amended Complaint.

11. Defendants admit that the Commission engaged in communications with Defendant CACI International Inc regarding the Letter of Determination.  Defendants deny the propriety of the finding and the other remaining allegations of Paragraph 11.

12. Defendants admit that the Commission and Defendant CACI International Inc did not reach a conciliation agreement acceptable to the Commission. Defendants deny the remaining allegations of Paragraph 12 of the First Amended Complaint.

13. Defendants admit that the Commission issued a Notice of Failure of Conciliation to Defendant CACI International Inc on June 6, 2019. Defendants deny the remaining allegations of Paragraph 13 of the First Amended Complaint.

14. The allegations of Paragraph 14 of the First Amended Complaint set forth arguments of law and/or legal conclusions to which no answer is required.

## STATEMENT OF CLAIMS

15. Defendants admit the allegations of Paragraph 1 of the First Amended Complaint.

16. Defendants admit that CACI Secured Transformations, Inc. (not a party here) entered into a contract with a subcontractor, Que Technology, for a contract referred to as "Middleware III" between Defendant CACI Secured Transformations, Inc. and the United States National Security Agency. Defendants deny the remaining allegations of Paragraph 16 of the First Amended Complaint.

17. Defendants deny the allegations of Paragraph 17 of the First Amended Complaint.

18. Defendants state that CACI Secured Transformations, Inc. interviewed Dyer to work as a systems administrator on the "Middleware III" contract, and that Dyer was assigned to work at a site known as "NBP" in Annapolis Junction, Maryland. Defendants deny the remaining allegations of Paragraph 18 of the First Amended Complaint as alleged.

19. Defendants deny the allegations of Paragraph 19 of the First Amended Complaint.

20. Defendants state that CACI Secured Transformations, Inc. assigned Dyer and at least two others as alleged in this Paragraph. Defendants deny the remaining allegations of Paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations of Paragraph 21 of the First Amended Complaint as alleged.

22. Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the First Amended Complaint.

23. Defendants admit that Dyer returned to work following a medical leave of absence in August 2018. Defendants deny the remaining allegations of Paragraph 23 of the First Amended Complaint as alleged.

24. Defendants admit that following her return to work, Dyer performed work at a location known as "OPS 2A" in Fort Meade, Maryland. Defendants deny the remaining allegations of Paragraph 24.

25. Defendants admit that Dyer performed work at OPS 2A. Defendants deny the remaining allegations of Paragraph 25 of the First Amended Complaint.

26. Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the First Amended Complaint.

27. Defendants deny the allegations in Paragraph 27 of the First Amended Complaint.

28. Defendants admit that on September 24, 2018, at least two system administrators worked at the NBP work location. Defendants deny the remaining allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29 of the First Amended Complaint.

30. Defendants admit that after September 24, 2018, Dyer continued to work at the OPS 2A work location. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 30 of the First Amended Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations of Paragraph 32 of the First Amended Complaint.

## Count I
## Failure to Accommodate

33. Defendants deny the allegations of Paragraph 33 of the First Amended Complaint.

34. Defendants incorporate herein by reference their responses to the prior allegations of the First Amended Complaint as if fully set forth herein.

## Count II
## Discriminatory Discharge

35. Defendants deny the allegations of Paragraph 35 of the First Amended Complaint.

36. Defendants incorporate herein by reference their responses to the prior allegations of the First Amended Complaint as if fully set forth herein.

## Count III
## Third Party Interference

37. Defendants deny the allegations of Paragraph 37 of the First Amended Complaint.

38. Defendants incorporate herein by reference their responses to the prior allegations of the First Amended Complaint as if fully set forth herein.

39. Defendants deny the allegations of Paragraph 39 of the First Amended Complaint.

40. Defendants deny the allegations of Paragraph 40 of the First Amended Complaint.

41. Defendants deny the allegations of Paragraph 41 of the First Amended Complaint.

**PRAYER FOR RELIEF**

The unnumbered paragraph of the First Amended Complaint immediately following the heading "Prayer for Relief" contains no factual allegations to admit or deny. To the extent that this Paragraph is deemed to contain factual allegations, however, Defendants deny the allegations and state that Plaintiff is not entitled to any of the relief prayed for therein.

**JURY DEMAND**

Defendants object to Plaintiff's request for a jury trial with respect to any claim, issue, or elements of relief to which Plaintiff is not entitled to a trial by jury as a matter of law.

**DEFENSES**

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the First Amended Complaint and any damages that Dyer allegedly suffered.

3. Dyer has not suffered any legally cognizable damage.

4. Plaintiff's claims are barred, in whole or in part, by a failure to exhaust administrative remedies.

5. Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

6. Plaintiff's claims for damages in the form of back pay are barred by Dyer's failure diligently to seek other employment or to otherwise mitigate her damages.

7. Defendants made good faith efforts to comply with the law and should not be liable for any discriminatory acts by employees of Defendants, whether managerial or not.

8.     Defendants' conduct and actions were at all times undertaken in good faith and without malice or ill-will toward Dyer.

9.     Defendants are not liable for Plaintiff's claim for damages set forth in the First Amended Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from Dyer's preexisting physical or mental conditions.

10.    The claims in the First Amended Complaint are barred to the extent that they seek damages in excess of the caps on damages under applicable law.

11.    Defendants made a good faith effort reasonably to accommodate Dyer.

12.    Defendants did not discriminate against Plaintiff because of her disability within the meaning of 42 U.S.C. § 12112.

13.    Dyer was unable to perform the essential functions of the job, with or without reasonable accommodations.

14.    To the extent that Dyer sought accommodations beyond those offered to her by Defendants, such accommodations were unreasonable and would have imposed an undue hardship on Defendants.

15.    Defendants did not employ Dyer.

16.    Defendants did not discharge Dyer.

17.    Defendants did not suggest or otherwise advise Dyer's employer to discharge her.

18.    Dyer's purported reasons for not being able to work at OPS 2A had nothing to do with a disability.

19.    Defendant CACI International Inc did not contract with Dyer's employer or otherwise have any involvement in or connection to any facts alleged by Plaintiff in this matter.

20. Defendants will rely on each and every additional defense that may become known to it through the course of this litigation, including discovery, trial, or otherwise.

21. Defendants deny that Plaintiff is entitled to any of the relief prayed for.

22. Defendants deny any allegation not specifically admitted herein.

23. Defendants reserve the right to amend this Answer to supplement or assert different or additional defenses or to otherwise amend any of its denials, averments or defenses.

24. Plaintiff's claims are barred because it failed to engage in good faith conciliation efforts.

Dated this 1st day of October 2020.

> _____/s/_____
> Brooks R. Amiot (Fed. Bar No. 12148)
> Andrew Baskin (Fed. Bar No. 19281)
> Jackson Lewis P.C.
> 2800 Quarry Lake Drive, Suite 200
> Baltimore, Maryland  21209
> (410) 415-2005 – Telephone
> (410) 415-2001 – Facsimile
> brooks.amiot@jacksonlewis.com
> andrew.baskin@jacksonlewis.com
>
> *Attorneys for Defendants*

4830-3841-4284, v. 2