**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>(410) 962-2577 FAX<br>MDD_DLBChambers@mdd.uscourts.gov |

December 3, 2020

RE: *U.S. Equal Employment Opportunity Commission v. CACI Secured Transformations, LLC*
     JKB-19-2693

### LETTER ORDER

Dear Counsel,

In this employment discrimination suit that the U.S. Equal Employment Opportunity Commission ("EEOC") filed on behalf of Mary Dyer, plaintiff alleges defendants "unlawfully discriminated against Dyer by denying her a reasonable accommodation and discharging her because of her disability (post-traumatic headache/occipital neuralgia/aneurysm) in violation of the ADA." Am. Compl. 2, ECF 43. Chief Judge Bredar referred the case to me for discovery and related scheduling. ECF 38.

Defendants CACI Secured Transformations, LLC, CACI International, Inc., and CACI, Inc. - Federal (together, "CACI") deposed Ms. Dyer on November 24 and 25, 2020 for a total of just over seven hours. Third-party defendant Que Technology Group, Inc. ("Que") did not have the opportunity to question Ms. Dyer. On December 1, 2020, the parties filed a joint letter notifying the Court that a dispute arose regarding whether defendants could continue the deposition to complete their questioning. ECF 62. This letter order memorializes the December 2, 2020 call regarding the parties' discovery dispute. For the reasons stated on the call and summarized in this letter order, CACI may depose Ms. Dyer for an additional three hours.

On the call, CACI requested additional time to depose Ms. Dyer because counsel could not complete his questioning within the allotted seven hours. Counsel claimed that, due to apparent cognitive issues, the witness was slow to answer and needed most questions rephrased. Que's counsel agreed that the witness needed many questions repeated and that the deposition was significantly delayed due to her apparent cognitive issues. CACI requested an additional five hours of deposition time to cover topics counsel was unable to reach, including the witness's medical records, job offers, the EEOC charge, the notice of right to sue, and plaintiff's answers to written discovery.

Plaintiff's counsel disagreed with opposing counsel's characterization of the deposition. She contended defense counsel's questions were convoluted and difficult to understand and his manner of questioning was combative.

Rule 30(d) limits a deposition "to one day of 7 hours" unless the parties stipulate otherwise or the Court orders otherwise. Fed. R. Civ. P. 30(d)(1). It also provides that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* Although I am reluctant to require Ms. Dyer to sit for more than seven hours of questioning, I find defendants have shown additional time is needed for a fair examination. Two attorneys have represented that the witness's mental state impeded the flow of the deposition and resulted in counsel not being able to cover as much ground as he would have if the witness were not impaired. These observations about the witness's mental state are consistent with the allegations in the complaint that Ms. Dyer suffered from a serious head injury in May 2018 car accident. Therefore, I will allow CACI to depose Ms. Dyer for an additional three hours. Que's counsel also may question the witness, consistent with the Federal Rules and this Court's Local Rules. Que's counsel indicated her questioning likely would not exceed one hour.

On the call, plaintiff informed the Court about a brewing issue regarding a third-party subpoena plaintiff recently issued to the NSA. CACI argued the subpoena was issued outside the discovery period, which CACI insisted ended on November 27, 2020 and had been extended only for the limited purpose of allowing CACI to conclude its depositions. CACI also complained it would not be able to conduct discovery in response to any newly produced NSA documents. The EEOC responded that it already agreed to allow CACI to depose plaintiff's hybrid expert witness Dr. Aruna Bollineni in February, and it would agree to additional depositions if needed.

On November 18, 2020, Judge Bredar granted the parties' joint request to extend the November 27, 2020 discovery deadline by fourteen days to accommodate the remaining depositions, and he extended the discovery deadline to December 11, 2020. ECF 62. The November 18, 2020 order did not limit the extension of the discovery deadline to a specific purpose. Moreover, the NSA has agreed to produce the documents and the documents are forthcoming. CACI will not be prejudiced by the document production; it may conduct a follow up deposition regarding the documents if necessary. Accordingly, the third-party subpoena may proceed.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/

Deborah L. Boardman
United States Magistrate Judge