# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

|   |   |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, <br><br> v. <br><br> CACI SECURED TRANSFORMATIONS, LLC, and <br> CACI INTERNATIONAL INC, and <br> CACI, INC. – FEDERAL, Defendants. | Civil Action No. 1:19-cv-02693-JKB |

## **CONSENT DECREE**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action against CACI Secured Transformations, LLC, CACI International Inc, and CACI, Inc. – Federal (collectively, "CACI") to enforce the Americans with Disabilities Act of 1990, as amended ("ADA"). In its Amended Complaint, EEOC alleged that CACI violated the ADA by (1) failing to provide Charging Party Mary Dyer with reasonable accommodations for her disability; (2) discharging Charging Party Mary Dyer on the basis of her disability; and (3) engaging in third party interference by participating in an arrangement with Que Technology that required Que Technology, at CACI's demand, to terminate Charging Party Mary Dyer's employment on the basis of her disability. Nothing in this Agreement should be construed as an adjudication, or an admission on the part of CACI, that CACI engaged in unlawful discrimination.

As a result of comprehensive settlement negotiations, EEOC and CACI (hereinafter, collectively, "the Parties") desire to resolve this action without the time and expenditure of

1

contested litigation. Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree").

## NON-ADMISSION OF LIABILITY; RESOLUTION OF EEOC CLAIMS

A.   There has been no finding of ADA liability in this case. By entering into this Decree, CACI does not admit liability for any of the ADA claims pleaded in EEOC's Amended Complaint.

B.   This Decree, once approved and entered by the Court, shall fully and finally resolve all claims alleged in EEOC's Amended Complaint filed in this case.

## STIPULATIONS

A.   The Parties acknowledge the jurisdiction of the United States District Court for the District of Maryland over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

B.   Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C.   The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A.   The Court has jurisdiction over the subject matter and the Parties in this action.

B.   The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C. The Decree conforms to the Federal Rules of Civil Procedure and the ADA, and it is not in derogation of the rights or privileges of any person. The entry of this decree will further the interests of the ADA and will be in the best interest of the Parties, Ms. Dyer, and the public.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

### DEFINITIONS

A. The term "complaint" shall mean any allegation or report to CACI made by any person, whether or not substantiated by evidence, whether or not made in conformity with CACI's established procedures (so long as knowledge of the complaint may be imputed to CACI under agency law), made by any means of communication, regarding potential discrimination committed by any employee, officer, director, owner or contractor of CACI.

B. The term "days" shall mean calendar days unless business days are clearly specified in a particular provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or federal holiday, the deadline shall be moved to the next business day.

C. The term "Effective Date" shall be the date that the Court approves and enters this Decree as a final order of the Court.

D. The terms "employee" and "employees" shall be construed in accordance with 42 U.S.C. §§ 12111(4) & 2000e(f) and controlling case law interpreting those provisions and the meaning of the terms "employee," "employees," and "employer" under the ADA.

### EFFECTIVE DATE, DURATION, AND GEOGRAPHIC SCOPE OF DECREE, AND RETENTION OF JURISDICTION

1. This Decree shall become effective immediately upon the Effective Date and shall remain in effect until its expiration date, which shall be two (2) years immediately following the entry of the Decree.

3

2. The provisions of this Decree shall apply only to the CACI facility located in Hanover, MD, and its personnel, including all business operations conducted by CACI employees who are assigned to, based out of, supervise, or who perform human resources or ADA compliance-related job duties in support of that facility (the "Facility").

3. For the duration of this Decree, the Court shall retain jurisdiction over the action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief. Should the Court determine that any party has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

## INJUNCTION

4. CACI is hereby enjoined from engaging in any employment practice that discriminates against any employee on the basis of disability by (a) failing or refusing to provide qualified employees with reasonable accommodations for their disabilities unless the provision of such accommodation would constitute an undue hardship; or (b) participating in a contractual or other arrangement that requires another person or entity to discriminate in employment against a qualified employee on the basis of disability.

5. CACI is hereby enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADA; filed a Charge of Discrimination under the ADA; testified or participated in any manner in any investigation, proceeding, or hearing under the ADA; obtained relief or asserted any rights under this Decree; or otherwise exercised or enjoyed, or aided or encouraged any other individual in the exercise or enjoyment of, rights conferred by the ADA.

## MONETARY RELIEF

6. Within thirty (30) days of CACI receiving (through its counsel of record in this action) an ADA Claims Release and Waiver fully executed by Charging Party Mary Dyer in the form attached as Exhibit A, CACI shall pay Charging Party Mary Dyer total monetary relief in the amount of One Hundred Fifty Thousand Dollars ($150,000.00). Forty Three Thousand Seven Hundred Twenty Three Dollars and Fifty Five Cents ($43,723.55) of that total shall constitute monetary relief for the claim for back pay, and the remaining One Hundred Six Thousand Two Hundred Seventy Six Dollars and Forty Five Cents ($106,276.45) shall constitute monetary relief for the claim of compensatory damages for emotional distress. CACI shall pay this total monetary relief to Charging Party Mary Dyer via two checks, according to the following requirements:

(a) From the check representing the portion of the total monetary relief designated as back pay, CACI shall make all legally required federal, state, and local payroll tax withholdings. CACI shall be responsible for paying its own share of all payroll tax liability required by law, including but not necessarily limited to employer contributions under FICA.

(b) The check representing the portion of the total monetary relief designated as compensatory damages for emotional distress shall be paid to Charging Party Mary Dyer in full, without any payroll withholdings or deductions.

(c) CACI shall ensure that the checks in this Paragraph are made payable to "Mary Dyer." CACI shall deliver both checks to Charging Party Mary Dyer via express overnight mail or other method capable of being tracked at an address to be provided by EEOC.

5

(d) The check representing the portion of the total monetary relief designated as back pay shall be accompanied by a written description setting forth the type and amount of all payroll tax withholdings made.

7. At the time that it issues IRS Form W-2's to its employees, CACI shall issue and deliver to Charging Party Mary Dyer an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages for emotional distress.

8. Within ten (10) days from the date that CACI makes the payments set forth in Paragraph 6 to Charging Party Mary Dyer, CACI shall send copies of the checks issued to Charging Party Mary Dyer, written description of payroll tax withholdings made, and proof of express mail delivery to EEOC Trial Attorney Megan Block at EEOC's Pittsburgh Area Office.

9. In the event that any of the payments referenced in Paragraph 6 cannot be delivered to Charging Party Mary Dyer at the address provided by EEOC, CACI shall promptly contact EEOC Trial Attorney Megan Block at EEOC's Pittsburgh Area Office to obtain a current address for Charging Party Mary Dyer or to otherwise make arrangements for delivery of payment.

## ADA TRAINING

10. The Parties acknowledge that CACI has conducted ADA training prior to the entry of this Decree. To the extent that such training did not cover the subject matter specified in Paragraph 11, below, CACI shall provide such training in accordance with Paragraphs 11-14.

11. Within ninety (90) days of the Effective Date of this Decree, CACI shall provide no less than ninety (90) minutes of training on the ADA to any CACI employees involved in receiving requests for accommodations, making decisions regarding requests for accommodations, or recommending decisions regarding requests for accommodations at the Facility. The training

shall accurately convey the ADA's requirements and, at a minimum, include a discussion of the following topics:

    (a)    The definition of "disability" under the ADA, as amended, including the legal standards and best practices for determining whether a condition constitutes a disability under the ADA;

    (b)    Individualized assessment of disability and needs for reasonable accommodation under the ADA, including legal standards and best practices for conducting an individualized assessment;

    (c)    The duty of reasonable accommodation under the ADA, including the legal standards and best practices for determining whether an accommodation is reasonable and must be provided;

    (d)    The interactive process for identifying and providing reasonable accommodation under the ADA, including legal standards and best practices for conducting the interactive process;

    (e)    Undue hardship under the ADA, including the legal standards and best practices for determining whether a reasonable accommodation constitutes an undue hardship; and

    (f)    The definition of "employee" under the ADA, including the concept of a joint employee.

12.    At least fifteen (15) days before the date that CACI intends to conduct the training required by Paragraph 11, above, CACI shall submit to EEOC for review (a) the name(s) and curriculum vitae of the proposed instructor(s) that CACI has selected for the training; (b) copies of the proposed training curricula and materials; and (c) a list of all persons (by name and job title)

7

who will be required to attend the training. The training shall be conducted live but may be delivered by remote means in light of present public health circumstances.

13. CACI shall maintain attendance logs for all persons who attend/view the training and retain such attendance logs for the duration of this Decree.

14. Within ten (10) days from the date that CACI conducts the training described in Paragraph 11, CACI shall send EEOC a copy of the final training curricula and materials, a list of all persons (by name and job title) who attended the training, and a list of persons to whom CACI is required by this Decree to present such training but who did not receive it.

## REPORTING REQUIREMENTS

15. Each six (6) months for the duration of this Decree, CACI shall submit written reports to EEOC regarding (a) all complaints of disability discrimination made by any employee of the Facility; and (b) any requests for reasonable accommodation of disability made by any employee of the Facility, that CACI has denied and that concerns (i) any request for reasonable accommodation(s) by any employee with a neurological or cognitive impairment, and/or (ii) any employee seeking transfer to a different job or work location as a reasonable accommodation.

16. The reports required by Paragraph 15(a), above, shall include at least the following minimum content: (a) the full name, job title, and current or last known home address and telephone number of the employee making the complaint; (b) the date of the complaint; (c) a detailed description of the allegations in the complaint; (d) the full name and job title of the person(s) alleged to have engaged in the discrimination; (e) a full description of any statements or information provided by the person(s) alleged to have engaged in discrimination; (f) the full name, last known residence address, and last known telephone number(s) of any person(s) believed to possess relevant knowledge concerning the complaint allegations, a statement whether CACI has

8

conducted an interview of such person(s), and a full narrative description of any statements or information provided by the person(s); (g) the full names and job titles of all CACI personnel who conducted or participated in the investigation of such complaint; and (h) all actions taken by CACI in response to the complaint, including but not limited to a description of any investigation or corrective actions.

17. The reports required by Paragraph 15(b), above, shall include at least the following minimum content: (a) the full name, job title, and current or last known home address and telephone number of the employee making the reasonable accommodation request; (b) the date of the reasonable accommodation request; (c) a detailed description of the medical condition for which the reasonable accommodation was sought; (d) the reasonable accommodation that was requested and the reason(s) offered by the employee for needing the accommodation; (e) the reasonable accommodation(s) that CACI evaluated; (f) any accommodation(s) that CACI offered to the employee; (g) the full names and job titles of all CACI personnel who participated in receiving the request for accommodation(s), made any decision regarding the request for accommodation(s), or recommended any decision regarding the request for accommodation(s); and (h) the reason for CACI's decision to deny the accommodation request or to offer an alternative form of reasonable accommodation and all facts forming the basis for such decision.

## RECORD RETENTION

18. For the duration of this Decree, CACI shall retain all documents of any character related to reasonable accommodation requests that it receives from employees that are the subject of the reports required by Paragraph 15, above. Such documents include, but are not limited to, reasonable accommodation request forms, medical records, documents reflecting the interactive

9

process, personnel files, payroll records, correspondence, notes, emails, memoranda, internal reports, written statements, witness statements, and other material of any character.

19. CACI's obligation to maintain records, as set forth in this Section, is not intended to, nor does it limit or replace, CACI's obligation to retain records set forth in federal law or EEOC regulations, such as 29 C.F.R. § 1602.14. CACI shall comply with 29 C.F.R. § 1602.14.

20. CACI shall produce, or make available for inspection and copying, all documents that are the subject of Paragraph 18, above, within fifteen (15) days of receiving any written request for their production by EEOC counsel of record or their authorized designees.

## ADA NOTICE

21. Within twenty (20) days of the Effective Date of this Decree, CACI shall disseminate the Notice to All Employees, attached hereto as Exhibit B (hereinafter, "Notice"), to all employees of the Facility. The Notice shall be signed by a corporate officer of CACI. The Notice shall be posted at the facility identified in Paragraph 2, above, in a location where employee notices required by law are ordinarily posted, for two (2) years after the Effective Date of this Decree. CACI shall ensure that the Notice required under this Paragraph remains posted, and that it is not altered, defaced, or covered by any other material, for the duration of this Decree.

22. Within twenty (20) days of the Effective Date of this Decree, CACI shall certify, in writing to EEOC, that the Notice set forth in Paragraph 21 has been posted in compliance with this Decree.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

23. Upon Motion of EEOC, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to filing such Motion, EEOC shall notify CACI, in writing, of any alleged noncompliance. Upon receipt of written notice, CACI shall have thirty (30)

days either to correct the alleged non-compliance, and so inform EEOC, or deny the alleged noncompliance in writing.

    (a)    If the Parties cannot in good faith resolve their dispute, EEOC may file a Motion to seek review by the Court;

    (b)    Each Party shall bear its own costs, expenses, and attorney fees incurred in connection with such action; and

    (c)    Jurisdiction to resolve any dispute arising under the Decree resides in the United States District Court for the District of Maryland.

## **COURT COSTS AND ATTORNEY FEES**

24. The Parties shall bear their own costs, expenses, and attorney fees in this action.

## **MISCELLANEOUS PROVISIONS**

25. This Decree constitutes the entire agreement and commitments of the Parties on matters raised herein and is not subject to modification except upon order of this Court. In the event that the Parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

26. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

27. When this Decree requires CACI to submit reports, certifications, notices, or other materials to EEOC, they shall be sent via email or express overnight mail to:

    Megan M. Block
    Trial Attorney
    U.S. Equal Employment Opportunity Commission
    Pittsburgh Area Office

William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
megan.block@eeoc.gov

28. This Decree may be executed in counterparts.

[The remainder of this page was intentionally left blank.]

Case 1:19-cv-02693-JKB Document 92-1 Filed 08/04/21 Page 13 of 18

**IT IS AGREED:**

FOR THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*Debra M. Lawrence* by MB per authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 8/4/2021

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6714
Fax: (410) 962-4270
Email: ronald.phillips@eeoc.gov

Dated: 8/3/2021

MEGAN M. BLOCK
TRIAL ATTORNEY
PA Bar No. 319263
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6934
Fax: (412) 395-5749
Email: megan.block@eeoc.gov

Dated: 8/4/2021

FOR DEFENDANTS CACI SECURED TRANSFORMATIONS LLC, CACI INTERNATIONAL INC, AND CACI, INC. - FEDERAL:

BROOKS R. AMIOT (Bar No. 12148)
JACKSON LEWIS P.C.
2800 Quarry Lake Dr., Suite 200
Baltimore, MD 21209
Phone: 410-415-2005
Fax: 410-415-2001
brooks.amiot@jacksonlewis.com

*Counsel for CACI Secured Transformations LLC, CACI International Inc, and CACI, Inc. - Federal*

Dated: August 2, 2021

J. WILLIAM KOEGEL, JR.
EVP AND GENERAL COUNSEL

*Authorized Corporate Representative(s) of CACI Secured Transformations LLC, CACI International Inc., and CACI, Inc. - Federal*

Dated: 8/2/21

13

IT IS SO ORDERED:

Date: August 11, 2021

HONORABLE JAMES K. BREDAR
Chief United States District Judge

14

# EXHIBIT A

## ADA Claims Release and Waiver

Pursuant to the Consent Decree entered in *U.S. Equal Employment Opportunity Commission v. CACI Secured Transformations, LLC et al.*, No. 1:19-cv-02693-JKB (D. Md.), and in consideration of payment in the gross amount of One Hundred Fifty Thousand Dollars ($150,000), of which Forty Three Thousand Seven Hundred Twenty Three Dollars and Fifty Five Cents ($43,723.55) shall constitute monetary relief for the claim for back pay, and One Hundred Six Thousand Two Hundred Seventy Six Dollars and Forty Five Cents ($106,276.45) shall constitute monetary relief for the claim of statutory damages under 42 U.S.C. § 1981a, I, Mary Dyer, hereby agree to release CACI Secured Transformations, LLC; CACI International Inc; CACI, Inc. – Federal, and their insurers and reinsurers (the "Released Parties"), from any claims that I may have under the Americans with Disabilities Act of 1990, as amended, that are set forth in the EEOC's Amended Complaint in the above-styled and numbered action or set forth in the EEOC Charge No. 531-2019-00083. I further agree and covenant that I will not institute any civil action against any of the Released Parties regarding the aforementioned claims.

_Mary Dyer_
Mary Dyer (signature)

_1/30/2021_
Date

# EXHIBIT B



## LEGAL NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a settlement with the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, resolving *U.S. Equal Employment Opportunity Commission v. CACI Secured Transformations, LLC et al.*, No. 1:19-cv-02693-JKB (U.S. District Court – District of Maryland), a lawsuit alleging violations of the Americans with Disabilities Act of 1990, as amended ("ADA"). CACI denied the EEOC's allegations and the case was settled before trial. There was no finding by the federal court of any violation of federal law.

To resolve the lawsuit, CACI Secured Transformations, LLC, CACI International Inc., and CACI, Inc. – Federal (collectively, "CACI") and the EEOC have voluntarily entered into an agreed court order, called a "consent decree," which provides, among other things, the following:

1) CACI is prohibited from failing or refusing to provide reasonable accommodations to qualified workers for their disabilities unless the provision of such accommodation would constitute an undue hardship;

2) CACI is prohibited from participating in contractual or other arrangements that require another person or entity to discriminate in employment against a qualified worker on the basis of disability;

3) CACI is responsible for continuing to conduct reasonable accommodation training for its employees in charge of receiving reasonable accommodation requests or making or recommending decisions regarding such requests; and

4) CACI will submit reports to the EEOC regarding complaints of disability discrimination and certain requests for reasonable accommodation.

The EEOC enforces the ADA and other federal laws that prohibit discrimination in employment. The ADA prohibits discrimination on the basis of disability; requires provision of reasonable accommodation for disabilities absent undue hardship; prohibits retaliation for opposing practices reasonably believed to be unlawful or for filing or participating in a charge of discrimination; and prohibits threats, intimidation, coercion or interference because of the exercise or enjoyment of ADA rights or assisting another person with such exercise and enjoyment. You have a right under federal law to contact the EEOC and report possible violations of the ADA and other federal laws that prohibit discrimination in employment. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

**This Notice must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material.**

Date: _____          _____